Atilio CORONEL–ALVAREZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–75443.
Agency No. A78–462–671.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 8, 2006.*

Decided March 15, 2006.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Atilio Coronel–Alvarez, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision, and added reasons of its own, we review both decisions. *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000). Reviewing purely legal questions de novo, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003), and the agency's determinations regarding ineligibility for relief for substantial evidence, *Kataria*, 232 F.3d at 1112, we deny the petition for review.

We vacate the deputy clerk's February 27, 2006 order granting voluntary dismissal and we recall the mandate.

We have jurisdiction to review whether the agency committed an error of law in determining that Coronel–Alvarez failed to demonstrate changed circumstances to excuse his delay in filing an asylum application within one year. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005). Coronel–Alvarez appears to argue that the IJ legally erred by applying the wrong statutory period in its analysis of whether changed circumstances existed. However, the IJ properly analyzed whether circumstances had changed in 2001, subsequent to Coronel–Alvarez's filing deadline. As such, remand for a redetermination of whether Coronel–Alvarez established changed circumstances is not necessary.

Substantial evidence supports the agency's determination that Coronel–Alvarez did not meet his burden of establishing that it was "more likely than not" that he would be persecuted upon return to Peru as Coronel–Alvarez testified that guerrillas attempted to recruit him and that he remained in Peru for approximately five years after they last threatened him. *See*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Arteaga v. INS,* 836 F.2d 1227, 1231 n. 6 (9th Cir.1988) (one-time threat of conscription by guerrillas did not establish eligibility for withholding of removal); *see also Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000) (petitioner's fear undermined by two-year stay in country of persecution after isolated incident of harm). To the extent Coronel–Alvarez argues that the IJ legally erred by failing to sufficiently consider his grandfather's death, that contention is without merit. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991) (holding that where petitioner claims to fear persecution on the basis of violence against family members, petitioner must establish that "this violence create[d] a pattern of persecution closely tied to the petitioner" and that "[a]llegations of isolated violence are not enough").

Coronel–Alvarez's remaining contentions are without merit.

PETITION FOR REVIEW DENIED.